# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD HASSAN DAIRI, | CASE NO. 07cv1014 JM(JMA) |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS |
| vs. | |
| MICHAEL CHERTOFF, Secretary, et al., | |
| Defendant. | |

Defendants Michael Chertoff, Secretary of the Department of Homeland Security, Emilio Gonzalez, Director of the Bureau of Citizenship and Immigration Services ("USCIS"), and Alberto Gonzalez, Attorney General, move to dismiss the complaint for lack of subject matter jurisdiction or, alternatively, to remand the action to USCIS. Plaintiff Mohammad Hassan Dairi opposes the motion. Neither party requests oral argument and, pursuant to Local Rule 7.1(d)(1), the court finds this matter appropriate for decision without oral argument. For the reasons set forth below, the court dismisses the action for lack of subject matter jurisdiction.

## BACKGROUND

On June 5, 2007 Plaintiff commenced the present action seeking relief in the nature of mandamus to compel Defendants to move forward with processing his application for naturalization. Plaintiff is a lawful permanent resident of the United States and is a citizen and native of Jordan. (Compl. ¶1). Plaintiff filed his first

application for naturalization in 2004 but subsequently withdrew that application. On May 4, 2006 Plaintiff filed his second application for naturalization on Form N-400. Plaintiff alleges that he made "countless" inquires regarding the status of his naturalization application and was informed "that his applications had been held up because of some kind of 'background' investigation." (Compl. 5).

Plaintiff alleges that the Government "had has ample opportunity to investigate the 'background' of this Plaintiff." (Compl. ¶6). Plaintiff also sets forth data from the USCIS website indicating that the USCIS "is now processing for interview naturalization applications that it received on or before October 12, 2006," and that he has not yet been interviewed. (Compl. ¶7). Plaintiff requests that Defendants be compelled "to move forward with Plaintiff's application for naturalization and schedule him for interview." (Compl. at p.3:18-19).

Defendants move to dismiss the complaint on the ground that mandamus relief is unavailable as Plaintiff's naturalization application is in the process of adjudication and remains in the background investigation phase. Plaintiff opposes the motion.

**DISCUSSION**

Defendants challenge the subject matter of the court to entertain this action under 28 U.S.C. §1361 and move to dismiss the complaint pursuant to Rules 12(b)(1) and (12(b)(6).[1] "Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." Kildare v. Saenz, 325 F.3d 1078, 1084 (9th Cir. 2003). The parties focus on the first and second elements.

Here, Defendants have satisfied their evidentiary burden to show that Plaintiff's application for naturalization is in the process of adjudication and therefore Plaintiff's

---

[1] The parties are in general agreement that subject matter jurisdiction, if it exists at all, would only be appropriate under the Mandamus Act, 28 U.S.C. §1361. The Mandamus Act vests the district courts with original jurisdiction of "any action in the nature of mandamus to compel an officer or employee of the Untied States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. §1361.

claim is neither clear and certain nor one subject to nondiscretionary, ministerial duties. While Defendants have the nondiscretionary duty to adjudicate Plaintiff's application, the USCIS, the FBI, and other federal agencies have a great deal of discretion in how they process the Congressionally mandated background investigation. Defendants submit the declaration of Janaki Rangaswamy, supervisor of the N-400 unit responsible for overseeing the processing of N-400 applications from the initial receipt of the application through the receipt of the FBI name check clearances. Mr. Rangaswamy declares that Plaintiff filed his N-400 application on May 4, 2006 and that a request for a background security name check was submitted to the FBI on May 17, 2006. He also declares that the FBI name check remains pending and that continued monitoring of Plaintiff's N-400 application reveals that "the FBI query continues to return its current response of 'pending' or 'IP,' [and] this agency's hands are tied, and we are unable to move beyond this point." (Rangaswamy Decl. ¶6; Supp. Decl. ¶7).

Further, there appears to be no legal basis for the court to exercise subject matter jurisdiction over the action to compel Defendants to proceed with the naturalization interview. Defendants are precluded from proceeding with an applicant interview (generally considered the final step in the naturalization examination process), as requested by Plaintiff, until completion of the FBI background investigation. 8 C.F.R. §335.2(b). Moreover, 8 U.S.C. §1421(c) only permits judicial review after the USCIS has denied an application for naturalization and 8 U.S.C. §1447(b) permits judicial review only after the examination is complete. Neither event has yet to occur to empower this court to review Plaintiff's naturalization application or compel Defendants to afford him an examination interview.

In sum, the totality of the circumstances, in light of Defendants' evidentiary showing, fails to demonstrate the type of extraordinary circumstances which warrant mandamus relief. See Kildare, 325 F.3d at 1084. The manner in which background investigations are conducted are the types of discretionary functions not properly the subject of mandamus actions. The evidentiary record establishes that Defendants are

already doing precisely what Plaintiff requests this court to compel – process his naturalization application. Accordingly, the court concludes that it presently lacks mandamus jurisdiction over the Plaintiff's complaint.

The court dismisses the present action for lack of subject matter jurisdiction.[2] The Clerk of Court is instructed to close the file.

**IT IS SO ORDERED.**

DATED: November 1, 2007

Hon. Jeffrey T. Miller
United States District Judge

cc:    All parties

---

[2] The court is sympathetic to Plaintiff's desire to naturalize. However, in light of modern-day security concerns, Defendants are under heightened legislative obligations to conduct thorough background investigations of applicants prior to adjudicating applications for naturalization - - even if such background investigations result in substantial delays in naturalization.